UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                      Case No. 17-cr-108-pp

MONROE J. WALTON, III,

    Defendant.

**ORDER DENYING DEFENDANT'S "ORDER AND AMENDMENT TO JUDGMENT ENTRY" TO THE EXTENT THAT IT IS A REQUEST FOR THE COURT TO AMEND THE JUDGMENT (DKT. NO. 139)**

On April 23, 2019, the court sentenced the defendant to serve 100 months in custody. Dkt. No. 103. The court imposed a sentence of sixteen (16) months in custody on each of Counts Two, Three and Four of the indictment (Hobbs Act robberies), and ordered that those sixteen-month sentences were to run concurrently with each other and with the sentences imposed in Waukesha County Circuit Court Case No. 15CF1551 and Milwaukee County Circuit Court Case No. 12CF4937. Id. The court imposed a sentence of eighty-four (84) months (the mandatory minimum sentence) on Count Five (using, carrying and brandishing a firearm during and in relation to the Hobbs Act robbery, a crime of violence); by statute, the court imposed that sentence to run consecutively to the sixteen-month sentences imposed on Counts Two through Four and consecutively to the sentences imposed in the Waukesha and Milwaukee County Circuit Court cases. Id.

1

The granted jury indicted the defendant on the federal charges on June 13, 2017. Dkt. No. 1. The defendant was arrested on June 19, 2017 and was held in state custody until his April 2019 federal sentencing hearing. Dkt. No. 97 at 2. The presentence investigation report showed that in Milwaukee County Circuit Court Case No. 12CF4937, the defendant's extended supervision had been revoked on October 4, 2017 as a result of the crimes that gave rise to this federal case. Dkt. No. 97 at ¶91. It showed that in Waukesha County Circuit Court Case No. 15CF1551, the defendant's extended supervision had been revoked on October 6, 2017 as the result of the crimes that gave rise to his federal case. Id. at ¶93. At the time of the April 23, 2019 sentencing hearing, the plaintiff was serving these two revocation sentences.

On August 4, 2022, the court received a document from the defendant titled "Order and Amendment to Judgement Entry." Dkt. No. 139. The document states that it has come to the defendant's attention that the Bureau of Prisons "has failed to credit [him] the time. Sixteen months." Id. at 1. The defendant says that credit for time served "is also consistent with the counsel of advisory guideline §5K2.23." Id. The defendant emphasizes that the records show that his federal time was to run concurrent "with sentence," and he asks why he has not "been credited [his] time." Id. at 1-2.

The defendant attached to this document a document titled "Sentence Monitoring Computation Data As of 02-14-2022." Dkt. No. 139-1. The document shows that the defendant was sentenced on April 23, 2019 to sixteen months on the three robbery counts to run concurrently with state sentences,

2

and to eighty-four months on the gun count to run consecutively to the state sentences. Id. at 1-2. The form reflects a "TOTAL PRIOR CREDIT TIME" of "0." Id. at 3.

While it is not clear, the court believes it understands what the defendant is asking. The defendant appears to believe that when it ordered the sixteen-month sentences on the robbery counts to run "concurrently" with the state-court revocation sentences, the court intended for the defendant to get credit against the 100-month federal sentence for any time he had served prior to the April 23, 2019 federal sentencing date. As noted above, the defendant was in state custody throughout the pendency of the federal case, serving the revocation sentences. The defendant's belief is incorrect. The court imposed the sixteen-month federal sentence on the robberies to begin running concurrently to any balance left on the defendant's state revocation sentences, starting April 23, 2019. That meant that the defendant would not have to wait to start serving the sixteen-month sentences until after he'd completed serving both state revocation sentences. If the defendant had only one month left on the two revocation sentences, then the federal and state sentences ran at the same time (concurrently) for one month. If he had ten months left on the revocation sentences, then the federal and state sentences ran at the same time (concurrently) for ten months. If he had twenty months left on the state revocation sentences, the federal and state sentences would have run at the same time (concurrently) for sixteen months, but the eighty-four-month

3

sentence for the gun charge would not have started running until the defendant completed all his state time.

The court could have adjusted the sentence to give the defendant credit for time served on the state revocation sentences prior to the April 23, 2019 sentencing hearing. See U.S.S.G. §5G1.3(b). It did not specifically do so. Rather, it gave the defendant a sentence significantly below the advisory sentencing range. The defendant's advisory sentencing guideline range was 194 to 221 months—sixteen years and two months to eighteen years and five months. Dkt. No. 102 at 2. The court imposed a sentence of 100 months—eight years and four months, which was half the low end of the advisory guideline range.

The Bureau of Prisons is correct that the court did not order the defendant to receive any credit for time served against the 100-month sentence. It ordered only that the sixteen-month sentences it imposed on Counts Two through Four be served concurrently with any remaining balances the defendant had left to served on the two state revocation cases as of April 23, 2022.

The court **DENIES** the defendant's motion to the extent that it is a request for the court to amend the judgment. Dkt. No. 139.

Dated in Milwaukee, Wisconsin this 26th day of August, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4